# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **NELSON GAMBLE & ASSOCIATES LLC**, *et al.*, <br><br> Defendants. | Case No. SACV12-1504 JST (JPRx) <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES 1, 5, 6, AND 7 IN DEFENDANTS' AMENDED ANSWERS** |

Plaintiff, the Federal Trade Commission (the "FTC"), submits this memorandum in support of its motion to strike affirmative defenses 1, 5, 6, and 7 in Defendants' amended answers to Plaintiff's complaint.  (Dkt. Nos. 38-42.)  In an effort to avoid motion practice, the FTC twice met and conferred with Defendants about the deficiencies in their defenses.  The parties were able to resolve certain issues, but Defendants declined to modify their answers to (1) provide sufficient notice of the basis of their defenses or (2) demonstrate how certain defenses are material to Defendants' liability.  To avoid entangling the Court and the parties in discovery and litigation of spurious issues, this Court should grant the FTC's motion to strike.

## Background

On September 10, 2012, the FTC filed this action against Defendants alleging violations of section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the

Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310, section 907(a) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693e(a), the Federal Reserve Board's Regulation E, 12 C.F.R. § 205.10(b), and the Consumer Financial Protection Bureau's Regulation E, 12 C.F.R. § 1005.10(b), in connection with Defendants' marketing and sale of debt relief services.

On November 2, 2012, Defendants each filed an answer to the FTC's complaint asserting identical affirmative defenses. (Dkt. Nos. 32-36.) Pursuant to Local Rule 7.3, the parties met and conferred telephonically on November 9, 2012 and November 16, 2012 about certain defects in Defendants' affirmative defenses. While the parties were able to narrow the issues before Defendants filed amended answers on November 19, 2012, the parties could not reach agreement over the following defenses:

- Defendants' first defense, which alleges that the FTC's complaint fails to state a claim against Defendants;

- Defendants' fifth affirmative defense, which asserts that the FTC's failure to join certain unidentified "required and indispensible [sic] parties" precludes this Court from granting complete relief and prejudices Defendants; and

- Defendants' sixth and seventh affirmative defenses, which claim that certain unidentified "others" caused the injuries alleged in the FTC's complaint.

During the meet-and-confers, the FTC advised Defendants that (1) their first defense is not an affirmative defense; (2) even those defenses that could be categorized as affirmative defenses were inadequately pled; and (3) even if adequately pled, certain defenses—including the fifth, sixth, and seventh defenses—are immaterial.

Defendants disagreed, giving rise to the present motion.

## Legal Standard

Upon motion by a party, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). A defense is "insufficient" if it is fails as a matter of law or if it does not provide "fair notice" of the basis of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)); *United States v. Global Mortg. Funding, Inc.*, No. SACV 07-1275 DOC (PJWx), 2008 WL 5264986, at *2 (C.D. Cal. May 15, 2008). Bare recitation of a legal doctrine, for example, does not suffice. *Qarbon.com Inc. v. eHelp Corp.*, 316

F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).  Courts accordingly grant motions to strike where an affirmative defense "simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case." *Pepsico, Inc. v. J.K. Distributors, Inc.*, No. 8:07-00657, 2007 WL 2852647, at *2 (C.D. Cal. Sept. 14, 2007) (citing *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984)); *see also J & J Sports Productions, Inc. v. Catano*, No. 1:12–cv–00739–LJO–JLT, 2012 WL 5424677, at *9 (E.D. Cal. Nov. 6, 2012) (granting motion to strike upon finding that defendants' "boilerplate defenses that lack factual support" failed to provide fair notice).

Though the Ninth Circuit has not yet decided the issue, most district courts also apply the *Twombly/Iqbal* "plausibility" standard to affirmative defenses.  *See Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) (citing cases).  This district is split on the issue. *Compare Gonzalez v. Heritage Pacific Fin., LLC*, No. 2:12-cv-01816-ODW (JCGx), 2012 WL 3263749, at *1-2 (C.D. Cal. Aug. 8, 2012) (following "most district courts" in applying *Twombly*/*Iqbal* to affirmative defenses) *with Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*, No. SACV 11-00468-JST (Ex), 2011 WL 3438873, at *5 (C.D. Cal. Aug. 5, 2011) (declining to apply *Twombly*/*Iqbal* to affirmative defenses).  This Court should follow the majority of district courts in applying *Twombly* and *Iqbal* to affirmative defenses.  The logic for doing so is

sound: *Twombly* and *Iqbal* derived the "plausibility" standard from Rule 8, which governs both the pleading of claims and the pleading of affirmative defenses. *See Gonzalez*, 2012 WL 3263749 at *2.

<u>Argument</u>

I.   **This Court Should Strike Defendants' First Defense Because It Is Not an Affirmative Defense and It Does Not Provide Fair Notice of the Basis of the Defense.**

Defendants' first defense, failure to state a claim, is a negative defense, not an affirmative defense.  Affirmative defenses are defenses that assume the validity of a plaintiff's prima facie case but introduce an extraneous issue that precludes recovery. *Roberge v. Hannah Marine Corp.*, No. 96-1691, 1997 WL 468330, at *3 (6th Cir. 1997) ("An affirmative defense . . . is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven.").  Negative defenses like failure to state a claim, on the other hand, expressly challenge the sufficiency of a plaintiff's prima facie case. *Kohler v. Bed Bath & Beyond of Cal., LLC*, No. CV 11-4451, 2012 WL 424377, at *1 (C.D. Cal. Feb. 8, 2012).  "A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  Courts therefore routinely grant motions to strike answers that improperly shoehorn failure to state a claim into their affirmative

defenses.  *See, e.g.*, *Figueroa v. Islands Restaurants L.P.*, No. CV 12-00766-RGK (JCGx), 2012 WL 2373249, at *2-3 (C.D. Cal. June 22, 2012) (noting that "[n]egative defenses that are pled as affirmative defenses are subject to a motion to strike under Rule 12(f)" and striking failure to state a claim defense); *Kohler*, 2012 WL 424377 at *1; *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case.  Therefore, it is not properly asserted as an affirmative defense.").  In keeping with the precedent of this district and others, this Court should strike Defendants' first defense.

Even if failure to state a claim were a viable affirmative defense, Defendants' first defense is inadequately pled.  The first defense parrots the standard for dismissal under Rule 12(b)(6) without indicating how that standard is connected to the present case.  Courts frequently strike such conclusory defenses as insufficient to provide fair notice.  *Bonshahi v. Fedex Corp.*, No. C12–2471 TEH, 2012 WL 3638608, at *3 (N.D. Cal. Aug. 22, 2012) (striking nearly identical defense); *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. EDCV 11–197 RSWL (DTBx), 2011 WL 3809933, at *1 (C.D. Cal. Aug. 25, 2011) (striking nearly identical defense as "a mere legal conclusion without supporting facts linking that theory to the Case at bar" and therefore "insufficient

to give Plaintiff fair notice of the basis of this defense"); *J & J Sports*, 2011 WL 1544886 at *5 (striking nearly identical defense).  This Court should as well.

Moreover, the defense is legally insufficient.  In evaluating an assertion of failure to state a claim under Rule 12(b)(6), the Court "must accept all factual allegations pleaded in the complaint as true and construe them and draw all reasonable inferences in favor of the non-moving party."  *R.A. v. Amador County Unified School District*, 2012 WL 844301, at *1 (E.D. Cal. Mar. 9, 2012) (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996)).  As detailed in the FTC's memorandum in support of a temporary restraining order, (Dkt. No. 10 at 3-16, 19-38), accepting the FTC's factual allegations as true, the FTC has pled sufficient facts to establish that Defendants violated Section 5 of the FTC Act, the TSR, and EFTA by, among other things, misrepresenting the nature of their debt relief services, harassing consumers through robocalls, and billing consumers without authorization.  This Court therefore should strike Defendants' first defense.

**II.    This Court Should Strike Defendants' Fifth Affirmative Defense Because It Does Not Provide Fair Notice of the Basis of the Defense and Is Immaterial.**

Defendants' fifth affirmative defense claims that the FTC failed to join "required and indispensible parties" under Rule 19, prejudicing Defendants and precluding this Court from affording complete relief.  Defendants do not name or

even hint who those parties might be, let alone explain why they would be "required" under Rule 19(a) or why joinder would be infeasible, implicating Rule 19(b).  This unadorned recitation of legal doctrine is insufficient under Rule 12(f).  *Cf. Desert European Motorcars*, 2011 WL 3809933 at *3 (finding statute of limitations defense insufficient to provide fair notice where defendant "fail[ed] to plead any facts . . . regarding this defense, merely setting forth that the Action is barred by the applicable statutes of limitations").  Without any fact or argument tying Rule 19 to the present action, Defendants fail to provide fair notice of the basis of the defense.  *See Kohler v. Islands Restaurant, LP*, 280 F.R.D. 560, 571 (S.D. Cal. 2012) ("[W]ithout identifying who the indispensable party is, [Defendants] fail[] to provide fair notice of the defense."); *Sec. People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133 MMC, 2005 WL 645592, at *5 (N.D. Cal. Mar. 4, 2005) ("The tenth affirmative defense alleges a failure to join all indispensable parties, but fails to allege the name of any party who must be joined. The Court agrees . . . that this affirmative defense fails to provide fair notice . . . as to the factual basis for the defense, and will grant [defendant's] motion to strike the defense from the answer.").  This Court should strike Defendants' fifth affirmative defense for this reason alone.

Even if Defendants could provide fair notice of the basis of their fifth affirmative defense, however, this Court should strike it under Rule 12(f) as

immaterial to the case at bar.  The FTC is not aware of any person or entity warranting Rule 19 analysis.  But if there is one, Defendants have not explained why that person or entity would be "required" under Rule 19(a).  For good reason: as the Supreme Court has held, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990).  Indeed, the Advisory Committee Notes to Rule 19(a) expressly contemplate as much, stating that "a tortfeasor with the usual 'joint-and-several' liability is merely a *permissive* party to an action against another with like liability."  Fed. R. Civ. P. 19 advisory committee's note (emphasis added).  As a regulatory agency, the FTC has wide latitude in remedying deceptive and unfair practices and need not pursue litigation against every person and entity who may be jointly and severally liable.  *See SEC v. Princeton Econ. Int'l Ltd.*, 2001 WL 102333, at *1 (S.D.N.Y. Feb. 7, 2001) (in rejecting defendant's argument that he could not have violated the law without the participation of other "indispensable parties," the court ruled that "determinations by regulatory agencies . . . about which parties to name in an enforcement action are presumed immune from judicial review" and the presence of unnamed entities "is not required to ascertain [the defendant's] liability for the alleged fraudulent conduct and the potential applicability of injunctive relief, restitution, disgorgement, civil monetary penalties, etc."); *SEC v. Tiffany Indus., Inc.*, 535 F.

9

Supp. 1167, 1168 (E.D. Mo. 1982) (noting that court had no jurisdiction to review agency's decision to bring enforcement action against a particular party or compel agency to bring proceedings against an entity).  Nothing prevents this Court from affording complete relief among a subset of joint tortfeasors.  *Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*, No. C 06-7541 PJH, 2007 WL 2288329, at *13 (N.D. Cal. Aug. 9, 2007) ("Because the liability of joint tortfeasors is both joint and several, a plaintiff can sue one without suing the others, and the court can afford a plaintiff complete relief in the absence of all the joint tortfeasors in the same lawsuit.").  For this reason as well, this Court should strike Defendants' fifth affirmative defense.

### III.   This Court Should Strike Defendants' Sixth and Seventh Affirmative Defenses Because They Do Not Provide Fair Notice of the Basis of the Defenses and Are Immaterial.

Defendants' sixth and seventh affirmative defenses[1] pin fault on "others" without the slightest indication of who the others might be.  This alone is enough to warrant striking the defenses.  *FTC v. N. Am. Mktg. & Assocs., LLC*, No. CV–12–0914–PHX–DGC, 2012 WL 5034967, at *3 (D. Ariz. Oct. 18, 2012).  But the defenses also decline to explain how the innominate "others" were involved,

---

[1] Defendants' sixth and seventh affirmative defenses are essentially indistinguishable, and this Court should strike one as redundant.  *See Joe Hand Promotions, Inc. v. Davis*, No. C 11–6166 CW, 2012 WL 4803923, at *7 (N.D. Cal. Oct. 9, 2012).  In any event, this section treats the two defenses together because they fail to provide fair notice and are immaterial for the same reasons.

instead supplying generic possibilities like "negligence," "breach of contract," "willful acts or omissions," or "any type of fault[.]"  Defendants' failure to explain how the involvement of others relieves them of liability renders their sixth and seventh affirmative defenses "insufficient under even the most liberal reading of Rule 8." *Bonshahi*, 2012 WL 3638608 at *3.

The defenses are also immaterial.  Assuming that others were in fact ensnared in Defendants' misconduct, that would not absolve Defendants.  A particular defendant's injunctive liability rests on that defendant's ability to control the operation, not on whether that defendant has *sole* control.  *See FTC v. Standard Educ. Soc'y*, 302 U.S. 112, 119 (1937); *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 573 (7th Cir. 1989).  Moreover, as discussed above, this Court can adequately resolve a claim of joint-and-several liability against a subset of joint tortfeasors.

Because Defendants' sixth and seventh affirmative defenses fail to provide fair notice and are immaterial to the resolution of this case, this Court should strike both defenses.

## <u>Conclusion</u>

For the foregoing reasons, the FTC respectfully requests that this Court strike the first, fifth, sixth, and seventh affirmative defenses in each of Defendants' amended answers (Dkts. 38-42).

Dated: December 6, 2012                    Respectfully submitted,

                                           DAVID SHONKA
                                           Acting General Counsel

                                           /s/ Jason M. Adler
                                           GREGORY A. ASHE
                                           LISA A. ROTHFARB
                                           JASON M. ADLER
                                           Federal Trade Commission
                                           600 Pennsylvania Ave., N.W.
                                           Washington, D.C. 20580
                                           Telephone: 202-326-3719 (Ashe)
                                           Telephone: 202-326-2602 (Rothfarb)
                                           Telephone: 202-326-3231 (Adler)
                                           Facsimile: 202-326-3768
                                           gashe@ftc.gov
                                           lrothfarb@ftc.gov
                                           jadler@ftc.gov

                                           RAYMOND E. MCKOWN
                                           (CA Bar No. 150975)
                                           Federal Trade Commission
                                           10877 Wilshire Blvd, Suite 700
                                           Los Angeles, CA 90024
                                           Telephone: 310-824-4325
                                           Facsimile: 310-824-4380
                                           rmckown@ftc.gov

                                           Attorneys for Plaintiff