DAVID SHONKA
Acting General Counsel

GREGORY A. ASHE
LISA A. ROTHFARB
JASON M. ADLER
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-2602 (Rothfarb)
Telephone: 202-326-3231 (Adler)
Facsimile: 202-326-3768
Email: gashe@ftc.gov, lrothfarb@ftc.gov, jadler@ftc.gov

RAYMOND E. MCKOWN (CA Bar No. 150975)
Federal Trade Commission
10877 Wilshire Blvd, Suite 700
Los Angeles, CA 90024
Telephone: 310-824-4325
Facsimile: 310-824-4380
Email: rmckown@ftc.gov

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | Case No. SACV12-1504-JST (JPRx) |
| Plaintiff, | **JOINT REPORT AS TO PARTIES'** |
| v. | **RULE 26(f) PLANNING MEETING** |
| | **AND PROPOSED DISCOVERY** |
| **NELSON GAMBLE & ASSOC.** | **PLAN** |
| **LLC, *et al.*,** | |
| Defendants. | |

1

Pursuant to Fed. R. Civ. P. 26(f) and L.R. 26-1, the parties to the above-captioned matter respectfully submit this Joint Report as to their Planning Meeting and Proposed Discovery Plan.  The parties conferred telephonically on November 30, 2012.  In attendance were Gregory Ashe, Lisa Rothfarb, and Jason Adler, counsel for plaintiff Federal Trade Commission, and Kenneth Miller and Anne Uyeda of Bienert, Miller & Katzman, PLC, counsel for Defendants.

As preliminary matters, counsel for Defendants would like to inform the Court that they have filed: (a) a motion to withdraw on behalf of the corporate defendants [Dkt. No. 46]; and (b) a Request for Approval of Substitution of Attorney, reflecting that Defendant Jeremy Nelson ("Nelson") will be substituting in to represent himself *pro per* in this action [Dkt. No. 45].  Accordingly, counsel for Defendants believe that it is premature to discuss the issues and establish the dates discussed herein and, accordingly, would request that the Court continue the hearing on the Fed. R. Civ. P. 16(b) Scheduling Conference, currently set for December 21, until such time that the issues regarding Defendants' representation are resolved.  Counsel for Defendants further request that the Court continue the hearing on the FTC's Motion to Strike Affirmative Defenses 1, 5, 6 and 7 in Defendants' Amended Answers [Dkt. No. 43], currently set for January 25, 2013, until such time that the issues regarding Defendants' representation are resolved.

The FTC takes no position on these requests and is prepared to attend the Scheduling Conference and January 25 hearing as currently set.

Further, the parties agreed that any trial of this matter should be conducted as a bench trial.  Further, pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agreed to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission.  Such electronic service will constitute service and notice of entry as required by those rules.  Any right to service by United States Postal Service mail is waived.

## A.    Statement of the Case

### 1.    FTC's Statement of the Case

Defendants market debt relief services via the Internet and telemarketing. Their websites direct consumers to contact Defendants on their toll-free numbers. Defendants also engage in outbound telemarketing to consumers using automated dialers ("robocalls").  When consumers call – or receive robocalls from – Defendants, telemarketers promise to negotiate settlements of consumers' debts so that consumers will owe substantially less – usually 50% less – than their current debt amount.  In many cases Defendants do not settle any of the consumers' debts or settle only a few small debts.  Many consumers discover that Defendants take all of the money intended for debt settlement as fees.  Many consumers who provide the telemarketers with personal information, such as their bank account

information, but turn down the debt relief services during the course of the phone call, discover that Defendants use their personal information to enroll them anyway and make unauthorized charges to their bank accounts.

In connection with their marketing of debt relief services, Defendants have made material misrepresentations regarding their debt relief services in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Telemarketing Sales Rule, 16 C.F.R. Part 310.  In addition, Defendants have made unauthorized withdrawals from consumer accounts in violation of Section 5 of the FTC Act, the Telemarketing Sales Rule, Section 907(a) of the Electronic Funds Transfer Act, 15 U.S.C. § 1693e(a), Section 205.10(b) of the Federal Reserve Board's Regulation E, 12 C.F.R. § 205.10(b), and Section 1005.10(b) of the Consumer Financial Protection Bureau's Regulation E, 12 C.F.R. § 1005.10(b).  Finally, Defendants' practices of charging consumers advance fees, calling consumers on the Do Not Call Registry, calling consumers who ask not to receive future calls, delivering prerecorded messages without prior authorization, failing to make required disclosures, calling consumers repeatedly, failing to disclose their identity in sales calls, and blocking their identity from caller identification services have violated many additional provisions of the Telemarketing Sales Rule that prohibit abusive telemarketing practices.

**2.      Defendants' Statement of the Case**

Defendants deny the FTC's allegations.  Moreover, Defendants assert the following affirmative defenses to liability: (1) failure to state a claim for which relief can be granted; (2) failure to join necessary parties; and (3) any loss was caused by others which comparatively reduces or completely eliminates Defendants' percentage of fault, if any.

Defendants assert, as affirmative defenses to any applicable remedy: (1) Defendants acted in reliance on professionals and their reliance should be considered in determining the amount and scope of any remedies; (2) Defendants acted in good faith and this should be considered in determining the amount and scope of any remedies; (3) the value of debt relief services customers actually received and the value of refunds customers actually received should be set off against any alleged loss and should be considered in the fashioning of any remedy, including restitution, disgorgement, or injunctive relief; and (4) the fact that the challenged conditions no longer exist and the FTC will not again be subjected to the same allegedly wrongful conduct should be considered in determining the amount and scope of any remedies.

**B.      Legal Issues**

The key legal issues include:

(1)   whether Defendants' conduct, as alleged in the FTC's complaint, violates
      Section 5 of the FTC Act, 15 U.S.C. § 45, the Telemarketing Sales Rule, 16
      C.F.R. Part 310, Section 907(a) of the Electronic Funds Transfer Act, 15
      U.S.C. § 1693e(a), Section 205.10(b) of the Federal Reserve Board's
      Regulation E, 12 C.F.R. § 205.10(b), and Section 1005.10(b) of the
      Consumer Financial Protection Bureau's Regulation E, 12 C.F.R.
      § 1005.10(b);

(2)   whether the various corporate defendants operated as a common enterprise
      and are, therefore, jointly and severally liable for the alleged violations of
      law;

(3)   whether the individual defendant Jeremy Nelson is liable for injunctive and
      equitable monetary relief;

(4)   the scope of the appropriate final relief, including a permanent injunctive
      and equitable monetary relief;

(5)   whether the affirmative defenses asserted by Defendants are valid defenses.

**C.    Damages**

      Based on bank documents obtained to date, the FTC estimates that the
consumer injury caused by Defendants' unlawful conduct (and the amount of
equitable monetary relief it will seek) is at least $4.1 million.  The FTC reserves

the right to adjust the value of consumer injury as additional information is discovered.

Defendants deny that any consumers were injured.  Assuming, *arguendo*, that consumers were injured, the amount of their injuries is much less than $4.1 million.

**D.    Insurance**

There is no insurance coverage applicable in this case.

**E.    Motions**

Defendants have asserted as affirmative defenses failure to name additional parties and that any damages were caused by others, but have not identified who the additional parties are.  The FTC will continue discovery processes to determine if it will need to name additional parties.  The FTC believes that the last day for hearing on any motion to add parties or amend the pleadings should be March 22, 2013.  Defendants believe that it is premature to establish the last day for hearings on motions at this time, given the pending issues regarding the withdrawal and substitution of defense counsel.

**F.    Manual for Complex Litigation**

The parties agreed that this is not a complex case and that the procedures of the Manual For Complex Litigation are unnecessary for its management.

7

## G.     Status of Discovery

The Temporary Restraining Order entered by the Court allowed for limited expedited discovery.  To date, the FTC has utilized the expedited discovery provisions to issue subpoenas duces tecum to the following entities: JP Morgan Chase & Co., Merrill Lynch & Co., Crossroads Financial Technologies, Bank of America N.A., Wells Fargo Bank N.A., Citibank N.A., First Premier Bank, Guitar Center, Inc., Outlaw Offroad, and Louis Vuitton.

## H.     Discovery Plan

1.     Fed. R. Civ. P. 26(f)(3)(A):  *Initial disclosures.*  The parties do not believe that any changes in the form or requirements for disclosures under Rule 26(a)(1)(A) are necessary.  Defendants object to any disclosures which would impinge upon their rights and privileges, including those afforded to them under the Fifth Amendment to the United States Constitution.  The parties agree that these disclosures will be exchanged two (2) weeks after the Scheduling Conference in this matter.

2.     Fed. R. Civ. P. 26(f)(3)(B):  *Subjects on which discovery may be needed and proposed discovery completion dates.*  The parties agree that discovery may be conducted on all matters within the scope of Fed. R. Civ. P. 26(b)(1).  The parties agree that discovery shall not be conducted in phases or otherwise limited in focus.

The FTC will seek discovery on all matters relevant to the conduct and practices alleged in its complaint, its claims for relief, and Defendants' defenses, including but not limited to discovery regarding the operations of the corporate defendants, the scope of involvement of the individual defendant, the Defendants' financial status and disbursements, and the amount and extent of consumer injury caused by the Defendants' alleged deceptive, unfair and abusive practices.

Defendants will seek discovery on all of the FTC's claims, including but not limited to, the FTC's alleged damage analysis. Defendants will also seek discovery on Defendants' defenses.

3.     Fed. R. Civ. P. 26(f)(3)(C):  *Issues about disclosure or discovery of electronically stored information.*  The FTC has taken steps to ensure the preservation of electronically stored information that is relevant to any claim or defense at issue in this case. Defendants agreed to ensure the preservation of any electronically stored information, including any information defendants may maintain in locations other than their business premises, that is relevant to any claim or defense at issue in this case.

4.     Fed. R. Civ. P. 26(f)(3)(D):  *Issues about claims of privilege or of protection as trial-preparation materials.*  The FTC believes that the parties should produce privilege logs no later than fourteen (14) days after asserting any privilege with respect to any document production, and further agreed to work together to

9

address any issues that arise relating to assertions of privilege.  Defendants believe

that they should be not required to provide any privilege logs which would impinge

upon the rights and privileges afforded to them under the Fifth Amendment to the

United States Constitution.

With respect to protective orders, the parties do not believe that any

protective order is needed at this time.  The parties reserve the right to request such

order, either through stipulation or motion, should they deem it necessary during

the course of this matter.

5.    Fed. R. Civ. P. 26(f)(3)(E):  *Proposed changes to the discovery

limitations imposed under the federal and local rules of civil procedure.*

The parties agreed that the following discovery limitations should apply:

(1)    For oral exam depositions, the parties propose that:  (i) the maximum

number of oral exam depositions for the FTC shall be 25 and the

maximum number for all Defendants, collectively, shall be 25; and

(ii) the maximum number of hours for each deposition shall be eight

(8) hours, unless extended by agreement of the parties.

(2)    For interrogatories, the parties propose that the maximum number of

interrogatories that the FTC may propound to each Defendant shall be

30, and the maximum number of interrogatories that all Defendants,

collectively, may propound to the FTC shall be 30.

(3)    For requests for admissions, and requests for production of

documents, the parties propose there be no limit on the requests by

each party, in accordance with Rules 34 and 36, respectively, of the

Federal Rules of Civil Procedure.

The parties agreed that no other discovery methods shall be used.

6.    Fed. R. Civ. P. 26(f)(3)(F):  *Any other order that the Court should*

*issue under Rule 26(c) or Rules 16(b) and (c) of the Federal Rules of Civil*

*Procedure.*  The parties agreed that no other orders under Rule 26(c) or

Rules 16(b) and (c) were needed at this time, but reserved the right to request such

order, either through stipulation or motion, should any party deem it necessary

during the course of this matter.

7.    Fed. R. Civ. P. 26(a)(2): *Expert disclosures*.  The FTC believes that

the last day to disclose expert discovery under Fed. R. Civ. P. 26(a)(2)(D) should

be July 12, 2013 and that the last day to submit any expert report rebuttal should be

July 26, 2013.  Defendants believe that it is premature to establish any dates

regarding expert disclosures at this time, given the pending issues regarding the

substitution of defense counsel.

## I.    Discovery Cut-Off

The FTC proposes the following discovery cut-off dates: June 28, 2013 for

the completion of fact discovery, and August 9, 2013 for the completion of expert

discovery.  Defendants believe that it is premature to establish the discovery cut-off dates at this time, given the pending issues regarding the substitution of defense counsel.

**J.    Dispositive Motions**

The FTC intends to move for summary judgment at the close of discovery. The FTC believes summary judgment may be appropriate to resolve all of the claims alleged in the Complaint.  The FTC proposes October 4, 2013 as the deadline applicable to all parties for filing dispositive motions.  Defendants believe that it is premature to establish the deadline to file dispositive motions at this time, given the pending issues regarding the substitution of defense counsel.

**K.    Settlement**

(1)    *The likelihood of settlement.*  As the Court is aware, the parties have stipulated to a preliminary injunction.  But the parties have had only preliminary discussions regarding final settlement.  At this point, it is premature to know the likelihood of settlement.

(2)    *Use of mandatory settlement procedures under L.R. 16-15.*  The parties are amenable to settlement discussions and intend to attempt to reach settlement among themselves without resort to alternative dispute resolution procedures.  If unable to resolve this matter among themselves, however, the parties would prefer to conduct settlement discussions pursuant to L.R. 16-15.4.

Although the parties would prefer to have settlement discussions guided by a district judge or magistrate judge pursuant to L.R. 16-15.4, Settlement Procedure No. 1, the Court has indicated in its Amended Order Setting Scheduling Conference that this option is not available [Dkt. No. 30 at 3, subsection 1.k]. Accordingly, the parties would select L.R. 16-15.4, Settlement Procedure No. 2. The parties believe that such proceedings would have the greatest likelihood of resolving this matter while conserving Defendants' assets for possible redress to consumers.

**L.     Trial Estimate**

The FTC believes that many, if not all, of the issues in this matter can be resolved through dispositive motions.  On the other hand, Defendants do not believe that most of the issues in this matter can be resolved in such a manner.

Based on these assumptions, the FTC anticipates that trial will require no more than six days, and Defendants believe that trial will require no more than fourteen days.

**M.     Trial Counsel**

Trial counsel for the FTC will be Gregory Ashe, Lisa Rothfarb, and Jason Adler.  Given the pending issues regarding substitution of counsel, Defendants are unable to identify their trial counsel at this time.

**N.    Independent Expert or Master**

The parties do not contemplate the need for the Court to appoint either a master or an independent scientific expert.

**O.    Other Issues**

The FTC recommends the following change to the proposed schedule of pretrial and trial dates, set forth in Exhibit A to the Court's October 17 Order Setting Scheduling Conference (Dkt. No. 30): the Court's proposed schedule sets the discovery cut-off at 16 weeks before trial and the final pre-trial conference at 3 weeks before trial. Because the FTC believes that most, if not all issues, can be resolved through summary judgment, the FTC recommends that the final pre-trial conference be set no earlier than 45 days after the Court rules on any summary judgment motion. While Defendants do not believe that most issues can be resolved by motion, they join the FTC's request that the final pre-trial conference be set no earlier than 45 days after the Court rules on any summary judgment motion.

In summary, the FTC proposes the following "Proposed Litigation Schedule."

| Proposed Litigation Schedule | |
|---|---|
| **Event** | **Proposed Dates** |
| Parties to exchange Rule 26(a) initial disclosures | Dec. 14, 2012 |
| Last day to join other parties and amend pleadings | March 22, 2013 |
| Last day to complete fact discovery | June 28, 2013 |
| Last day to disclose expert testimony FRCP 26(a)(2)(D) | July 12, 2013 |
| Last day to submit expert report rebuttal | July 26, 2013 |
| Last day to complete expert discovery | Aug. 9, 2013 |
| Last day to file dispositive motions | Oct. 4, 2013 |
| Final pre-trial conference | 45 days after Court rules on dispositive motions |
| First day of trial | 3 weeks after final pre-trial conference |

Defendants believe that it is premature to establish a litigation schedule , given the pending issues regarding the substitution of defense counsel.

Respectfully submitted,

Dated: December 7, 2012

/s/Gregory A. Ashe                                     /s/Kenneth M. Miller
GREGORY A. ASHE                           KENNETH M. MILLER
LISA A. ROTHFARB                            (CA Bar No. 151874)
JASON M. ADLER                               ANNE A UYEDA
Federal Trade Commission                 (CA Bar No. 235306)
600 Pennsylvania Ave., N.W.             Bienert, Miller & Katzman, PLC
Washington, D.C. 20580                     903 Calle Amanecer,Suite 350
Telephone: 202-326-3719 (Ashe)       San Clemente, CA 92673
Telephone: 202-326-2602 (Rothfarb)  Telephone: 949-369-3700
Telephone: 202-326-3231 (Adler)       Facsimile: 949-369-3701
Facsimile: 202-326-3768                     Email: kmiller@bmkattorneys.com
Email: gashe@ftc.gov, lrothfarb@ftc.gov, Email: auyeda@bmkattorneys.com
  jadler@ftc.gov
                                                              Attorneys for Defendants
RAYMOND E. MCKOWN
(CA Bar No. 150975)
Federal Trade Commission
10877 Wilshire Blvd, Suite 700
Los Angeles, CA 90024
Telephone: 310-824-4325
Facsimile: 310-824-4380
Email: rmckown@ftc.gov

Attorneys for Plaintiff

16